(No. 3922—

CAROLINE MANGIAMELE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1946.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

This complaint was filed on the 21st day of July, 1945 by Caroline Mangiamele, surviving wife of Samuel Salvatore Mangiamele, deceased. It seeks an award under the Workmen's Compensation Act for the death of claimant's husband while employed in the Department of Public Safety, Division of State Police.

The record consists of the complaint, Departmental Report, waivers of statement, brief and argument on behalf of claimant and respondent.

The record discloses that claimant's husband was 36 years of age; that he was married to claimant and was the father of two children, namely Dominico Daniel and Frances Nancy, each under the age of 16 years and dependent upon him for support. The record further discloses that the deceased was first employed by the Department of Public Safety, Division of State Police, on June 13, 1944 as a police officer, at a salary of $175.00 a month. However, on July 1, 1943 his salary was increased to $185.00 a month.

On May 20, 1945 the deceased was assigned by his superior officer to a police detail. It was the duty of this detail to escort official personages to and from ceremonies being held at Soldiers' Field in Chicago. It was the duty of the deceased to ride a motorcycle in front of an official car. On the last mentioned date about 1:15 P. M., while proceeding north on Field Drive in Grant Park, Chicago, deceased motorcycle struck some loose gravel, causing him to lose control of his machine, which struck and caromed off the curb and then crossed a small parkway located in the center of the street before coming to a stop in the south bound traffic lane. Claimant's husband was thrown from the machine, striking his head on the concrete curb of the parkway. He was removed by ambulance to St. Luke's Hospital in Chicago, where he was placed under the care of Dr. H. B. Thomas, Orthopedic Surgeon, who rendered first aid, and kept him under treatment and observation until the 25th day of May, 1945, on which date claimant's intestate died as the result of the injuries sustained as aforesaid.

The record further discloses that following the accident the Department paid deceased's full salary from the date thereof until the date of his death, or for the period of May 21 to May 25, 1945, inc. in the amount of $29.84. The Division also paid $614.60 representing physician and doctor bills.

From a consideration of this record we make the following findings:

That on the 21st day of May, 1945 claimant and respondent were operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned, said claimant sustained accidental injuries which arose out of and in the course of his employment, from which he died; that notice of said

accident was given said respondent and claim for compensation on account thereof was made on said respondent, within the time required by the provisions of Section 24 of said Act; that the earnings of the deceased during the year next preceding the injury were $2,220.00, and that the average weekly wage was $42.69; that the deceased at the time of the injury was 36 years of age and left surviving him his wife, Caroline Mangiamele, the claimant, and two children, all dependent upon him for support.

Claimant is therefore entitled to an award under Section 7 (h) of the Workmen's Compensation Act in the amount of $4,800.00, which must be increased 17½% under Section 7 (L), making a total award of $5,640.00, from which must be deducted the sum of $29.84, paid to deceased for unproductive time, leaving a balance of $5,610.16.

An award is therefore entered in favor of claimant, Caroline Mangiamele, in the sum of $5,610.16, payable as follows:

$ 620.40    33 weeks, May 21, 1945 to January 7, 1946—all of which has accrued and is payable forthwith.

$4,989.76    Payable $18.80 per week, commencing January 14, 1946.

Jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."